UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

FT. LAUDERDALE DIVISION

CASE NO. 00-6015-CIV-DIMITROULEAS

ALL UNDERWRITERS AT LLOYD'S
OF LONDON Subscribing to Policy
No. JBW0905/98

    Plaintiffs,

vs.

ROGER STEWART, individually,

    Defendant.

_____/



## PLAINTIFFS' STATUS REPORT AND RESPONSE TO ORDER TO SHOW CAUSE

The Plaintiffs, ALL UNDERWRITERS AT LLOYD'S OF LONDON Subscribing to Policy No. JBW0905/98, by and through their undersigned counsel and pursuant to this Court's Order To Show Cause rendered April 6, 2000, hereby file their status report and response showing why the above-styled cause should not be dismissed for failure to comply with this Court's Orders, stating as follows:

1. The Plaintiffs filed their Complaint for Declaratory Judgment on January 5, 2000 seeking a declaration from the Court with respect to coverage under a policy of marine insurance issued by the Plaintiff Underwriters to the Defendant, ROGER STEWART.

2. After filing the Complaint, the Plaintiffs encountered difficulty locating the Defendant for purposes of service, as he was no longer residing either at the address set forth in the Application for Insurance or at the address subsequently set forth in the policy. The Plaintiffs

HORR, LINFORS, SKIPP & NOVAK, P.A.
SUITE 1001 - ONE DATRAN CENTER - 9100 S. DADELAND BOULEVARD - MIAMI, FLORIDA 33156 - TEL. (305) 670-2525



difficulty locating the Defendant is attributable, in part, to the fact that the Defendant lived aboard the insured vessel which was subsequently damaged and/or lost in Hurricane Floyd.

3. However, in the interim, the Plaintiffs have retained the services of an investigator to locate the Defendant. The Plaintiffs' investigator has now obtained and furnished the undersigned counsel with what is believed to be the current residence address for the Defendant, ROGER STEWART.

4. Based on the information obtained by the investigator, Plaintiffs are now in the process of serving the Summons and Complaint for Declaratory Judgment on the Defendant at the address in Fort Pierce, Florida obtained by the Plaintiffs' investigator. Plaintiffs anticipate service will be perfected within 10 days of filing this response.

5. The Plaintiffs have been endeavoring to locate the Defendant and effect service of process within the 120 days provided for by Rule 4 of the Federal Rules of Civil Procedure. However, the Plaintiffs' inability to immediately locate and serve the Defendant has precluded Plaintiffs ability to hold a scheduling conference with the Defendant and similarly precluded Plaintiffs' ability to file a joint scheduling report. Plaintiffs apologize, however, for not previously filing a motion for enlargement of time within which to comply with the terms of the Court's January 19, 2000 Order.

6. As soon as the Plaintiffs are able to obtain service on the Defendant, Plaintiffs respectfully represent to the Court that every effort will be made to arrange a scheduling conference and file a joint scheduling report immediately following receipt of the Defendant's first responsive pleading.

WHEREFORE, the Plaintiffs ALL UNDERWRITERS AT LLOYD'S, respectfully request the Court for leave to file the parties Joint Scheduling Report within 20 days after the filing of

CASE NO. 00-6015-CIV-DIMITROULEAS
PAGE 3

Defendant's first responsive pleading and to allow Plaintiffs' case to proceed on the basis that Plaintiffs will effect service of process within 120 days of the filing of the Complaint as provided for by Rule 4 of the Federal Rules of Civil Procedure.

Dated this 12th day of April, 2000.

Respectfully submitted,

*[signature]*
JONATHAN W. SKIPP
Fla. Bar No. 710570

HORR, LINFORS, SKIPP & NOVAK, P.A.
Attorneys for Plaintiffs
One Datran Center, Suite 1001
9100 S. Dadeland Boulevard
Miami, Florida 33156
305-670-2525 Telephone
305-670-2526 Telefax